ams

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER CASTORENA,    ) | |
|        ) | |
|     Plaintiff,    ) | |
|        ) | |
| vs.       ) | |
|        ) | Case No. 06-3299-JAR |
| ROGER WERHOLTZ, et al.,    ) | |
|        ) | |
|     Defendants.    ) | |
| _____) | |

### MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on defendants' Motion to Dismiss (Doc. 30). Plaintiff, a *pro se* litigant, filed this action under 42 U.S.C. § 1983 against Roger Werholtz, Secretary of the Kansas Department of Corrections, Jay Shelton, Warden of the Norton Correctional Facility (NCF), Stephen Herredsberg, a librarian at NCF, and "John Does," alleging violations of his constitutional rights. Defendants filed a motion to dismiss on June 11, 2007. Plaintiff has not filed a response and the time to do so has expired.[1] Defendants' motion to dismiss is granted due to plaintiff's failure to respond.[2] The Court also grants defendants' motion because plaintiff has not stated a claim upon which relief can be granted.

## I.    Background

Plaintiff's Complaint alleges that on or about January 29, 2006, he was involved in a physical altercation at NCF with another inmate. He alleges that Activity Specialist Librarian

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days).

[2]*See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

Herredsberg arrived and ordered both inmates to the ground.  Plaintiff maintains that he was unable to comply with this request because he had been hit in the head during the altercation and was temporarily unresponsive.  Plaintiff failed to respond to repeated orders by Herredsberg to lie down and was standing in a "non-aggressive manner with both hands at his side incoherent."[3] According to the Complaint, Herredsberg then struck plaintiff in the face with his radio.  The Complaint alleges three claims for relief: (1) "right to be free from assault and battery: a violation of the Eighth (8th) Amendment . . . all the defendants were made aware of the physical attack yet failed to intervene, or prevent from harm;" (2) "excessive use of force;" and (3) "right to be free from cruel and unusal [sic] punishment.  A violation of the Eighth Amendment." Plaintiff seeks monetary damages, along with declaratory and injunctive relief related to the living conditions at the prisons.

On April 9, 2007, plaintiff notified the Court that his address had changed from NCF to 405 West 1st, Muleshoe, Texas.  Accordingly, the Court changed the address of record for plaintiff so that he could receive future filings at his updated address.  The motion to dismiss was filed on June 11, 2007 and on June 18, the Court received the certified mail receipt marked "Return to Sender, Refused, Unable to Forward."  Thereafter, Magistrate Judge O'Hara issued an order advising plaintiff that the court had been advised that his current address is 610 E. Austin, Muleshoe, Texas 79347, and reminding plaintiff that if he fails to respond to the motion to dismiss by July 5, 2007, the motion may be granted as unopposed.  Judge O'Hara sent the order and the motion to dismiss to plaintiff at the most recent address by regular and certified mail.  On July 5, 2007, the Court received a certified mail receipt that was signed by someone

_____

[3](Doc. 1 at 2.)

with the first name "Donna," at the 610 E. Austin address.  To date, no response to the motion to dismiss has been filed.

## II.     Rule 12(b)(6) Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[4]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[5]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[6]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[7]  The Court construes the allegations in the light most favorable to the plaintiff.[8]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[9]  The facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule 12(b)(6) muster."[10]  Dismissal is a harsh remedy to be used cautiously so as

---

[4]Fed. R. Civ. P. 12(b)(6).

[5]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[6]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[7]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citation omitted).

[9]*Associated Gen. Contractors of Cal., Inc.  v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[10]*Mounkes*, 922 F. Supp. at 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

3

to promote the liberal rules of pleading while protecting the interest of justice.[11]

Because plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[14]  Additionally, a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[15]

## III.   Discussion

Plaintiff has not responded to defendants' motion to dismiss, leaving defendants' motion uncontested.  As a result of plaintiff's failure to respond, the Court grants defendants' motion. Furthermore, the Court grants defendants' motion to dismiss because plaintiff fails to state a claim upon which relief can be granted.  The Court construes plaintiff's Complaint "liberally" as bringing an Eighth and Fourteenth Amendment claim under 42 U.S.C. § 1983 for excessive force and cruel and unusual punishment.  Because plaintiff cannot allege a constitutional violation under these claims, dismissal is appropriate.

---

[11]*Id.*

[12]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[13]*Id.*

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[15]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### A.    Failure to Oppose Defendants' Motion To Dismiss

On June 11, 2007, defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[16]  Plaintiff's response was due twenty-three days later on July 5, 2007.[17]  To date, plaintiff has not responded to defendants' motion to dismiss.  In the event a party fails to respond to a dispositive motion, the local rules provide the party has waived the right to file a response except upon a showing of excusable neglect.[18]  Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[19]

While the Court notes plaintiff is a *pro se* litigant, plaintiff has already been warned that failure to respond to the motion to dismiss could result in dismissal of the case.  Furthermore, a plaintiff's *pro se* status does not excuse plaintiff from compliance with procedural rules, nor from the consequences of noncompliance.[20]  Because plaintiff failed to respond to defendants' motion to dismiss within twenty-three days and has not made a showing of excusable neglect, the Court grants defendants' motion and dismisses plaintiff's claims against all parties.

### B.    Failure to State A Claim Upon Which Relief Can Be Granted

In addition to dismissing plaintiff's claims due to failure to contest defendants' motion, the Court concludes that plaintiff's Complaint does not state a claim for which relief can be

---

[16](Doc. 30.)

[17]*See* D. Kan. R. 6.1(d)(2).

[18]D. Kan. R. 7.4.

[19]*Id.*

[20]*See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules).

granted and finds dismissal of plaintiff's claims against all parties for this reason appropriate as well.

### 1.      Individual Capacity Claims

In an action under 42 U.S.C. § 1983,[21] a suit against a government official may be made to impose individual liability for actions taken under color of state law.[22]  In order to establish individual liability in a § 1983 suit, a plaintiff only need show that the official, "acting under color of state law, caused the deprivation of a federal right."[23]  Liberally construing plaintiff's Complaint, he asserts claims under the Eighth Amendment for excessive force and cruel and unusual punishment.[24]

### a.      Defendant Herredsberg

Jail officials' use of excessive force against a prisoner implicates the Eighth Amendment's Cruel and Unusual Punishment Clause.[25]  "The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."[26]  When the alleged force is taken in the case of a prison disturbance or emergency situation, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering

---

[21]Plaintiff states on the form Complaint that he also invokes jurisdiction pursuant to K.S.A. §§ 21-3425, -3408, and -3412.  These Kansas statutory sections are part of the state criminal code and identify certain state misdemeanors and cannot be a basis for federal court jurisdiction.

[22]*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[23]*Id.* at 165.

[24]Plaintiff's first claim, the right to be free from assault and battery, is not cognizable but the Court will address his claim that prison officials failed to intervene or prevent harm in his claims against the other named defendants.

[25]*See Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir. 1991).

[26]*Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotations omitted).

ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."[27]  In the Tenth Circuit, this claim requires the plaintiff to establish that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the defendant officials acted with a sufficiently culpable state of mind."[28]

First, plaintiff fails to allege facts sufficient to support the objective prong of this claim. There is no allegation in the Complaint that plaintiff was injured by the alleged force taken by defendant Herredsberg.  The only injury discussed by plaintiff in the Complaint surrounds his unresponsive state after suffering a blow by another inmate.

The Court also agrees with defendants that the Complaint does not allege facts sufficient to support the subjective prong of the claim.  "Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, . . . the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm."[29]  Plaintiff admits that he was involved in a physical altercation with another inmate and that he failed to comply with repeated orders to lie down.  These facts strongly suggest that the force taken by Herredsberg was applied in a good faith effort to maintain or restore discipline, rather than maliciously and sadistically for the very purpose of causing harm to plaintiff.  In fact, no facts alleged in the Complaint are sufficient to establish defendant Herredsberg acted with a

---

[27]*Id.* at 6 (quotations and citations omitted); *see also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1152 (10th Cir. 2006).

[28]*Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

[29]*Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

culpable state of mind, aside from vague, conclusory allegations.  Accordingly, plaintiff is

unable to allege facts that could sufficiently establish an Eighth Amendment claim against this

defendant.

**b.     Defendants Werholtz and Shelton**

The Complaint does not allege that any of the other named defendants participated in the

events that formed the basis of the Complaint.  As Director of the Kansas Department of

Corrections and Warden of NCF, any liability attributed to Werholtz and Shelton in their

respective individual capacities must be through their capacities as  supervisors of

Herredsberg—no facts alleged suggest that they were present when the excessive force was

allegedly used.  "To establish a supervisor's liability under § 1983 [a plaintiff] must show that

'an "affirmative link" exists between the [constitutional] deprivation and either the supervisor's

"personal participation, his exercise of control or direction, or his failure to supervise."'"[30]  The

Court has already found that Herredsberg's actions do not rise to the level of a constitutional

deprivation.  Therefore, supervisory liability may not attach to either Werholtz or Shelton based

on a failure to supervise Herredsberg.

Plaintiff also asserts claims against "Defendant(s) John Doe," who he has not yet named

or served.  Under Fed. R. Civ. P. 4(m), the action should be dismissed as to these unknown

defendants because well over 120 days have passed since the Complaint was filed and plaintiff

has failed to show good cause for failing to identify and serve these defendants, given that the

*Martinez* report is complete.  Even if these defendants had been named, plaintiff fails to state a

claim under the excessive force standard for failing to intervene.

---

[30]*Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (quoting *Specht v. Jensen*, 832 F.2d 1516, 1524 (10th Cir. 1987))).

2.        **Official Capacity Claims**

Plaintiff also asserts official capacity claims against all defendants.  These defendants are immune from suit for monetary damages in their official capacities under the Eleventh Amendment, as they are state officials.[31]  However, the Supreme Court carved out an exception to sovereign immunity in *Ex parte Young.*[32]  This exception "permits suits for prospective injunctive relief against state officials acting in violation of federal law.  State officers sued in *Ex parte Young* cases must have 'some connection' to the enforcement of the allegedly defective act."[33]  In order for the exception to apply, there must be an "'ongoing violation of federal law,'" and it "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past."[34]

Plaintiff's request for injunctive relief does not suffice to trigger the *Ex Parte Young* exception to Eleventh Amendment immunity.  While he requests that defendants "improve living conditions" and "institute a policy of difference toward inmates," and that defendants "prevent future wrongful actions towards plaintiffs," his claims do not identify any ongoing violation of federal law, but only a past discrete act—his alleged assault by defendant Herredsberg.  Further, he may not seek declaratory relief stating that the officials violated his constitutional rights under the *Ex Parte Young* exception.  Because this exception is inapplicable, plaintiff's official

---

[31]*See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[32]209 U.S. 123 (1908).

[33]*Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1026 (10th Cir. 2005), *rev'd on other grounds*, 546 U.S. 95 (2005).

[34]*Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (quoting *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995); and citing *Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

capacity claims are barred by the Eleventh Amendment.

**IV.      Conclusion**

For the reasons set forth above, the Court grants defendants' motion to dismiss.  Plaintiff has failed to comply with the local procedural rules by not responding to defendants' motion to dismiss.  Thus, defendants' motion is uncontested, and is therefore granted.  Further, the Court grants defendants' motion because plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 because plaintiff has not alleged a constitutional violation under the Eighth Amendment. Accordingly, defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 30) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 2nd day of August 2007.

S/   Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**